IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL - 7 2008

GREGORY C. LANGHAM
                    CLERK

Civil Action No. 08-cv-01358-BNB

CHARLES J. STOUT,

    Applicant,

v.

MAJOR RON WAGER (Acting Warden), and
JOHN SOUTHERS, Attorney General of the State of Colorado,

    Respondents.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant, Charles J. Stout, is a prisoner in the custody of the Colorado Department of Corrections at the Fremont Correctional Facility at Cañon City, Colorado. Mr. Stout has filed **pro se** an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court must construe the application liberally because Mr. Stout is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a **pro se** litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Stout will be ordered to file an amended application.

The court has reviewed the habeas corpus application and finds that the application is deficient. Mr. Stout fails to identify the federal constitutional rights that he believes have been violated and he fails to assert specific facts in support of the claims he is raising to demonstrate that his federal constitutional rights have been violated. Instead, Mr. Stout makes only conclusory statements with no supporting factual

allegations. For example, Mr. Stout asserts as his first claim "[a]ll test [sic] were not complete [sic] that are required in the S.O.M.T.P. manuel [sic]." (Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 at unnumbered p. 5.) In support of this claim Mr. Stout references paragraph 2.070 in the "S.O.M.T.P. manuel [sic]." (*Id.*) Mr. Stout has not attached a copy of the referenced manual, he does not explain how the failure to complete certain tests has violated his federal constitutional rights, and he fails to identify the federal constitutional right that allegedly has been violated. Mr. Stout's other two claims are deficient in similar ways.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires that Mr. Stout go beyond notice pleading. *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977). He must allege specific facts to support each asserted claim. Naked allegations of constitutional violations are not cognizable under 28 U.S.C. § 2254. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Therefore, Mr. Stout will be ordered to file an amended application in which he identifies clearly the federal constitutional rights that he believes have been violated and in which he provides specific facts in support of each claim being raised. Accordingly, it is

ORDERED that Mr. Stout file **within thirty (30) days from the date of this order** an amended habeas corpus application that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Stout, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that if Mr. Stout fails within the time allowed to file an

2

amended application that complies with this order as directed, the application will be denied and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 3rd day of July, 2008.

BY THE COURT:

s/ Craig B. Shaffer
CRAIG B. SHAFFER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01358-BNB

Charles J. Stout
Prisoner No. 113027
Fremont Corr. Facility
PO Box 999 - 2D3
Cañon City, CO 81215- 0999

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form** to the above-named individuals on 7/7/08

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk